CORYDON HITCHCOCK AND JOHN T. WILSON, APPELLANTS, v. JOHN A. PETERSON AND JOHN P. BONDERSON, RESPONDENTS.

*Order of arrest — upon what facts granted — When partner not liable to arrest for representations of a co-partner.*

This action was brought to recover the price of certain lumber sold to the defendants, who were partners, and for work performed for them. An affidavit, used to procure an order of arrest, alleged that one of the defendants had falsely represented that their firm was fully responsible, when, in fact, it was insolvent; that shortly before these representations were made, each of the partners conveyed certain lands of the value of $6,000 to their wives, without consideration; that the deeds were not recorded until four months after the making of the representations, and that the conveyances were made to cheat the creditors of the defendants; that the concealment thereof was to cheat and defraud the plaintiffs, and that each partner ordered some of the items of the bill, knowing at the time that they were insolvent.

*Held,* that the affidavit showed facts, independent of the false representations, sufficient to sustain an order of arrest against both partners.

It is not necessary that the affidavits should specify the grounds of the arrest, in terms; it is enough that they state facts sufficient to authorize the conclusion that the grounds exist.

*Semble,* that the action being on contract and not for the wrong, the partner not making the false representation was not liable to arrest for the false representation made by his co-partner, without his knowledge, authority or ratification.

APPEAL from an order of the Special Term in Chautauqua county, vacating the order of arrest in this case as to the defendant Bonderson. The order was granted by the special county judge of Chautauqua county for the arrest of the defendants Peterson and Bonderson, who are partners. The action is on contract to recover the agreed price of lumber sold to the defendants by the plaintiffs, and for work done by plaintiffs for them.

*Cook & Lockwood,* for the appellants.

*Jenkins & Cameron,* for the respondents.

SMITH, J.:

The affidavits show that a gross fraud was practiced upon the plaintiffs, the fruits of which have been enjoyed by the defendants' firm. In so far as the fraud consisted of false representations as to the pecuniary responsibility of the firm, by which the debt in suit was fraudulently contracted, the defendant Peterson was the sole actor in it, there being no evidence that his partner, Bonderson, knew of the false representations made by Peterson, until he was served with the affidavits on which the order of arrest was granted. The action being on contract, and not for the wrong, Bonderson is not liable to arrest, on account of the false representations made by his partner without his knowledge, authority or ratification. The case of *Hathaway* v. *Johnson* (55 N. Y., 93), we think, requires us to hold that mere participation by Bonderson as a member of the firm in the fruits of the fraud is not enough to justify his arrest, in the present form of action, he being personally clear of the fraud involved in the false representations made by his partner. True, that was a case of principal and agent, and not of partners, but the principle upon which one partner can bind his associates, by his acts and representations, is that he is their authorized agent in the business of the partnership. (*Van Keuren* v. *Parmelee,* 2 Comst., 523.) If, then, the affida-

vits showed no other fraud than that involved in the false representations made by Peterson, the order of the Special Term vacating the order of arrest as to Bonderson should be affirmed.

But it seems to us that the affidavits make a case for the arrest of both defendants on two grounds: That they disposed of their property with intent to defraud their creditors; and that, knowing they were insolvent, they fraudulently concealed the fact of their insolvency, and of their fraudulent disposition of property, and contracted the debt in suit with the intent not to pay the same. It is not necessary that the affidavits should specify the grounds, in terms; it is enough that they state facts sufficient to authorize the conclusion that the grounds existed in fact.

The affidavit of the plaintiff Wilson alleges that two weeks before Peterson made the false representations above referred to, the purport of which was that the firm was fully responsible, and worth four or five hundred dollars over all debts, Peterson and Bonderson, respectively, conveyed certain lands and premises in Jamestown of the value of at least $6,000 to their wives, through the intervention of a third person, without consideration; that the deeds were not recorded until four months after Peterson made his false representations, and the affidavit alleges that said conveyances were made to cheat the creditors of the defendants, and the concealment thereof from deponent was to cheat and defraud the plaintiffs. This is not denied by Bonderson, although he makes an affidavit. The judge at Special Term laid stress on the fact that the affidavit did not allege that the conveyances were made with intent to cheat the plaintiffs specially, or subsequent creditors generally. But it is alleged that Bonderson as well as Peterson bought of the plaintiffs on credit, and that the fact of such conveyances was concealed from the plaintiffs with intent to defraud them, and this is not denied by Bonderson.

As to the other ground, the affidavit of Wilson distinctly alleges that the defendants were insolvent when each item of the plaintiff's account accrued; that each partner ordered some of the items; that the defendants knew they were insolvent and unable to pay; and that they obtained a credit with the plaintiffs with intent to cheat and defraud them. These allegations, not being

denied, are enough to warrant the arrest of each defendant. (*Wright* v. *Brown*, 67 N. Y., 1.)

The order of the Special Term should be reversed, with ten dollars costs and disbursements.

Present—MULLIN P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.